UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH H. ASHLEY-DRAKE,

Plaintiff,

v.

LESLIE R. RUSSELL, et al.,

Defendants.

Civil Action No. 17-2016 (SDW)

OPINION

**WIGENTON**, District Judge:

Currently before the Court is the complaint of *pro se* Plaintiff, Keith H. Ashley-Drake. (ECF No. 1). As Plaintiff is a state prisoner who has been granted *in forma pauperis* status and seeks damages from a state employee, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, the Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim for relief.

**I. BACKGROUND**

Plaintiff, Keith H. Ashley-Drake, is a state prisoner currently confined in East Jersey State Prison. (ECF No. 1 at 1). In October 2015, Plaintiff reported that he had been attacked by a corrections officer in his cell block. (*Id.* at 2). During an interview with staff during the investigation into that incident, Plaintiff apparently admitted that he had allowed another inmate to use his "Pin List" to make a call to his family. (*Id.*). This incident led to Plaintiff receiving several disciplinary charges including one for making a false statement to staff and unauthorized

1

use of the prison phone system. (*Id.*). These charges led to a series of disciplinary hearings before Defendant Russell, a disciplinary hearing officer at the prison, at which Plaintiff asserts he was denied Due Process for various reasons. (*Id.* at 1-15). These proceedings culminated in a hearing in absentia at which Plaintiff was found guilty of the disciplinary charges and received the following disciplinary sanctions: thirty days administrative segregation (which was suspended for sixty days), fourteen days housing unit confinement, and thirty days loss of recreation privileges. (*Id.* at 9-11). Plaintiff appealed, and his appeal ultimately resulted in his charges being remanded and at least one of his charges being dismissed, at which point his disciplinary sanctions were vacated and removed from his prison record. (*Id.*). Plaintiff now seeks to bring claims against Russell and another inmate, Defendant Josh Burgos, who acted as his counsel substitute at his disciplinary hearings, for alleged denials of Due Process. (*Id.* a 1-2). Plaintiff also asserts that his disciplinary punishment temporarily prevented him from attending religious services during his punishment, and that the denials of due process caused him emotional harm. (*Id.* at 2-5). Plaintiff thus also seeks to bring a claim that he was denied the free exercise of his religion and that he suffered intentional infliction of emotional distress. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a state prisoner suing a state official who has been granted *in forma pauperis* status.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff seeks to assert claims a hearing officer and another inmate who acted as his counsel substitute based on his allegation that he was denied Due Process in a prison disciplinary hearing and that his punishment prevented him from exercising his right to free exercise of his religion. Plaintiff also seeks to raise a state law claim for intentional infliction of emotional distress. This Court will address each in turn.

**1. Defendant Burgos is not a proper defendant under § 1983**

The Court first notes, however, that Defendant Burgos is a state prisoner who is being sued in this matter solely because he acted as counsel substitute in Plaintiff's disciplinary hearings. Section 1983, however, only provides a claim for relief for those acting under color of state law. *Nicini*, 212 F.3d at 806. It does not provide a claim against private citizens who are not acting under color of state law. *Id.* The only basis Plaintiff has for asserting that Burgos, a fellow inmate,

4

is a state actor is the fact that Burgos acted as counsel substitute for Plaintiff in his disciplinary hearing. It is well established, however, that even public defenders are not considered state actors for their actions taken when serving a lawyer's traditional functions and acting as counsel. *See, e.g, Guase v. Haile*, 559 F. App'x 196, 198 (3d Cir. 2014). As Burgos was acting as a substitute for counsel during all of the actions taken in this matter about which Plaintiff complains, it follows that he, too, would not be considered a state actor for the purposes of § 1983 for actions he took while serving in the place of counsel, and that he would therefore not be subject to suit under § 1983 for those actions. *Id.* Plaintiff's § 1983 claims against Burgos must therefore be dismissed.

**2. Plaintiff fails to state a claim for relief for violations of his Fourteenth or First Amendment Rights**

In his complaint, Plaintiff chiefly seeks to bring a claim for violations of his procedural due process rights by claiming that he did not receive the proper procedural protections during his prisoner disciplinary hearings. The problem with Plaintiff's claim, however, is that Plaintiff has failed to plead facts which show that he was entitled to the protections of the Due Process clause during his hearings. The right to procedural Due Process attaches only where the plaintiff is deprived of a legally cognizable liberty interest. *Huertas v. Sec'y Pennsylvania Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013). The Supreme Court has held that, in the context of a prison disciplinary hearing, a prisoner will only have a cognizable liberty interest in the outcome of a prison disciplinary hearing where the punishment he receives "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Court held that "confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation

5

of prison life necessary to implicate a liberty interest," and specifically rejected the argument that a thirty day term of such segregation warranted the procedural protections of the Due Process Clause. *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486). The Third Circuit has in turn held that placement in solitary confinement as a form of administrative segregation for a period of up to seven months is insufficient to establish a cognizable liberty interest. *Id.*; *see also Huertas*, 533 F. App'x at 66. In this matter, Petitioner received thirty days segregation, coupled with two weeks confinement to his unit, and thirty days loss of recreation privileges as a disciplinary sanction. Clearly, these sanctions, which the Court notes were apparently later vacated, are far less severe and constitute a far less atypical hardship than seven months placement in solitary confinement. Thus, it is clear that Petitioner's disciplinary sanctions did not amount to an atypical deprivation of liberty, and that he therefore lacked a cognizable liberty interest in the outcome of his disciplinary proceeding. Plaintiff was therefore not entitled to procedural Due Process, and his § 1983 claim raising such a claim therefore must be dismissed for failure to state a claim for which relief may be granted. *Smith*, 293 F.3d at 653-655; *Huertas*, 533 F. App'x at 66.

In his final § 1983 claim, Plaintiff seeks damages from Defendants based on his alleged inability to freely exercise[1] his religion during his period of punishment resulting from his disciplinary proceedings. Although "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison" and inmates retain their First

---

[1] This Court does not construe Plaintiff to be raising a claim under the Religious Land Use and Incarcerated Persons Act (RLUIPA) as Plaintiff does not allege any ongoing denial of his ability to engage in religious practice. Even if this Court did construe such a claim, it would need to be dismissed against these Defendants as Plaintiff in this matter seeks money damages, which are not available under RLUIPA in suits against public employees or officers. *Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012); *Sossamon v. Texas*, 563 U.S. 277, 288, 293 (2011).

6

Amendment right of free exercise of religion, "the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates." *DeHart v. Horn*, 227 F.3d 47, 50-51 (3d Cir. 2000). A prisoner therefore "retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.* at 51 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Prison regulations which impugn the free exercise of religion will be valid where the regulation is rationally related to the prison's legitimate penological interests. *Id.* In determining whether the challenged prison action passes this constitutional scrutiny, courts look to four factors – whether there is a valid rational connection between the regulation and the legitimate governmental interest justifying it, whether the prisoner retains an alternative means of exercising his rights, the costs of accommodating the prisoner's interest, and whether there are alternatives to the regulation which would fully accommodate the prisoner's rights at *de minimis* cost to the prison's valid penological interests. *Id.*

In this matter, Plaintiff seeks to raise a religious claim based on his being denied the ability to attend group religious services while in disciplinary detention. Considering Plaintiff was so denied only because he had been found guilty of a disciplinary infraction, the penological interest in this matter is clear. Given the institutional interest in security and proper discipline, the limited duration of Plaintiff's period of segregation, and as Plaintiff has not pled that he was denied alternative means of exercising his religious rights, Plaintiff has failed to plead sufficient facts to show that his being temporarily confined and in turn prevented from attending group services impugned his right to the free exercise of religion sufficiently to state a claim for relief under § 1983. Plaintiff's conclusory allegation that he was denied free exercise of religion must therefore be dismissed without prejudice for failure to state a claim for relief.

### 3. Plaintiff's remaining state law claims

Plaintiff's complaint also seeks to raise state law claims for violations of state regulations and intentional infliction of emotional distress. Because this Court has now dismissed all of Plaintiff's claims over which the Court has original jurisdiction, however, this Court will decline to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3). As this Court has dismissed all of Plaintiff's federal claims and is declining to exercise supplemental jurisdiction over Plaintiff's state law claims, Plaintiff's complaint shall be dismissed in its entirety.

### III. CONCLUSION

For the reasons expressed above this Court will dismiss Plaintiff's complaint without prejudice in its entirety for failure to state a claim for which relief may be granted. An appropriate order follows.


Dated: May 16, 2017                     *s/ Susan D. Wigenton*
                                         Hon. Susan D. Wigenton,
                                         United States District Judge